UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Daher Mokh,

       Plaintiff,

v.                                 Case No. 10-11454
                                 Honorable Sean F. Cox

Home Depot U.S.A., Inc.,

       Defendant.

_____/

OPINION & ORDER GRANTING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT

Plaintiff Daher Mokh ("Plaintiff") originally filed this action against Defendant Home Depot U.S.A., Inc. ("Defendant" or "Home Depot") in Wayne County Circuit Court, asserting state law negligence and product liability claims. Plaintiff's claim arises from an incident in which Plaintiff sustained injuries from a unpackaged utility knife offered for sale at one of Defendant's retail stores. Defendant removed this case to this Court on April 12, 2010. The matter is currently before the Court on Defendant's Motion for Summary Judgment. Plaintiff failed respond to Defendant's motion and did not appear at the June 9, 2011 hearing on this matter. For the following reasons, the Court GRANTS Defendant's motion.

BACKGROUND

**A.     Procedural Background**

Plaintiff has not made any effort to prosecute this case since its filing in February of 2010. Initially, Plaintiff failed to appear to a scheduling conference on July 14, 2010, for which this Court had previously issued a notice to appear on June 14, 2010. (Doc. No. 6). After the close of discovery, Defendant filed the instant Motion for Summary Judgement on February 16,

2011.  On March 3, 2011, this Court sent written notice to the parties advising that Defendant had filed the above motion and scheduling the motion to be heard by the Court on June 9, 2011. (Doc. No. 12).  At oral argument, defense counsel stated that she not only served Defendant's motion upon Plaintiff electronically, but also that she mailed a copy of Defendant's motion to Plaintiff's counsel on February 17, 2007.

Pursuant to Rule 7.1(c) of the Local Rules for the United States District Court for the Eastern District of Michigan, a "respondent opposing a motion must file a response, including a brief and supporting documents then available."  Rule 7.1(e) further provides that a response to a dispositive motion must be filed within 21 days after service of the motion.

Thus, if Plaintiff opposes Defendant's pending motion, Plaintiff was required to file a brief in opposition to same within 21 days of service of the motion.  Although the time permitted under Local Rule 7.1 for filing a response to the pending motion had passed, as of April 26, 2011, no brief in opposition to the motion had been filed by Plaintiff.

Accordingly, Plaintiff was ordered to show cause, in writing, no later than May 3**,** 2011, why the unopposed pending Motion for Summary Judgment filed by Defendant should not be granted.  (Doc. No. 13)**.**  Nevertheless, Plaintiff has not responded to this Court's order to show cause or Defendants' motion.

On May 5, 2011, the Court received an electronic notice that mail sent to Plaintiff's counsel was returned as undeliverable because Plaintiff's counsel failed to update his current office address with the Court.  As a courtesy, this Court called counsel's office on May 13, 2011 and spoke to his secretary.  After speaking to counsel's secretary and asking her to update counsel's address with the Court, the Court faxed the show cause order directly to Plaintiff's counsel, and allotted Plaintiff's counsel an additional seven days to respond to the Court's order

to show cause.  Still, Plaintiff's counsel failed to respond to the Court's order to show cause and Defendant's motion.

On June 9, 2011, the Court held a hearing on Defendant's motion and Plaintiff's counsel did not appear.

**B.**      **Factual Background**

On July 21, 2009, Plaintiff was shopping at a the Home Depot store in Dearborn Heights, Michigan.  After entering the store, Plaintiff picked up a bucket that he intended on purchasing and continued with his shopping.  Without inspecting the package or the knife, Plaintiff selected a Husky brand utility knife displayed from a hanging pegboard and dropped it in the bucket that he was carrying.  Plaintiff did not inspect or examine the packaging of the knife, or the knife itself, before placing it in the bucket.

After placing the knife in his bucket, Plaintiff noticed that the knife had come out of its packaging.  Shortly thereafter, Plaintiff observed that the packaging of the knife read "SQUEEZE ME."  When the handle of the knife is squeezed, a pre-loaded blade protrudes from the base of the knife.  If the knife is packaged, the blade is shielded by a hard, plastic cap when the handle is squeezed.

Plaintiff subsequently removed the unpacked knife from his bucket and squeezed the handle of the knife with his left hand while his right hand rested on top of the blade opening. When the blade popped out as a result of Plaintiff squeezing the handle, it cut his right index finger.

STANDARD OF REVIEW

Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no

genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56 (c). The party seeking summary judgment has the initial burden of informing the court of the basis for its motion and identifying those portions of the pleadings, depositions, answers to interrogatories, and admission on file together with the affidavits which it believes demonstrate the absence of a genuine issue of material fact. *Celotex v. Catrett*, 477 U.S. 317, 323 (1986). The burden then shifts to the nonmoving party who "must set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986) (quoting FED. R. CIV. P. 56(e)). In deciding a motion for summary judgment, a court must view the evidence and draw all reasonable inferences in favor of the nonmoving party. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

## ANALYSIS

Plaintiff's complaint alleges two counts: 1) Negligence, and 2) Product Liability. With regard to Plaintiff's product liability claim, Plaintiff simply alleges that "the knife was defective in a way which was unreasonable, inherently dangerous, and made said knife unsafe for marketing." (Complaint at ¶ 14). Plaintiff does not allege any facts describing how the knife was defective or how the alleged defect caused Plaintiff's injury.

Defendant contends it is not liable for any product liability claim because the Michigan Tort Reform Act bars recovery from non-manufacturing sellers unless a plaintiff shows negligence on the part of the defendant. Although Plaintiff asserts two separate counts for negligence and product liability, the claims, under M.C.L. § 600.2947(6), are not independent of each other when they are brought against a non-manufacturing defendant. *See Hastings Mut. Ins. v. Gen. Motors Corp.*, 2005 WL 711767 at *3 (Mich.Ct.App. March 29, 2005).

M.C.L. § 600.2947(6) provides:

> In a product liability action, a seller other than a manufacturer is not liable for harm allegedly caused by the product unless either of the following is true:
>
> > (a) The seller failed to exercise reasonable care, including breach of any implied warranty, with respect to the product and that failure was a proximate cause of the person's injuries.
> >
> > (b) The seller made an express warranty as to the product, the product failed to conform to the warranty, and the failure to conform to the warranty was a proximate cause of the person's harm.

M.C.L. § 600.2947(6).

The Sixth Circuit has agreed with Defendants interpretation of M.C.L. § 600.2947(6), and has stated:

> This Court has interpreted [M.C.L. § 600.2947(6)] to indicate 'that the legislature did not intend failure to exercise reasonable care and breach of implied warranty to be separate products liability claims.' Thus, the statute 'added an element of fault to the traditional breach of implied warranty,' and so 'the plaintiff must show that the product was sold in a defective condition, the defect caused his injury, and the seller failed to exercise reasonable care.'

*Dreyer v. Exel Industries*, S.A., 326 Fed.Appx. 353, 358 (6th Cir. 2009) (quoting *Croskey v. BMW of North America, Inc*., 532 F.3d 511, 520 (6th Cir. 2008); *See also Coleman v. Maxwell Shoe Company, Inc., et al.*, 475 F.Supp.2d 685 (E.D. Mich. 2007) (Zatkoff, J.).

Here, Defendant has established that it is a non-manufacturing seller of the utility knife at issue. (*See* Def. Mtn., Ex.5). Thus, Plaintiff must establish "that the product was sold in a defective condition, the defect caused his injury, and the seller failed to exercise reasonable care[1]." *Croskey v. BMW of North America, Inc*., 532 F.3d at 520. In determining whether a defendant has failed to exercise reasonable care, courts look to whether a plaintiff has

---

[1] Plaintiff does not allege a claim for breach of implied warranty.

demonstrated that the defendant knew, or should have known, of the defect.  *See Kraft v. Dr. Leonard's Healthcare Corp.*, 646 F.Supp. 2d 882, 888 (E.D. Mich. 2009) (Ludington, J.).

Plaintiff, however, has not responded to Defendant's motion for summary judgment, and has failed to provide any evidence establishing any of these three elements.  Conversely, Defendant presented the deposition testimony of Plaintiff, which reveals that Plaintiff failed to read the warning labels on the packaging, the utility knife worked precisely as designed and advertised, and that Plaintiff did not notify any Home Depot employee that the knife's packaging was damaged prior to testing the knife.  Plaintiff also admitted that, when properly packaged, the blade of the knife is covered.  Plaintiff further stated that he had no facts to suggest that any Home Depot employee knew of the alleged defect.

Plaintiff has failed to produce any evidence demonstrating that the knife at issue was defective in any way, or that Defendant failed to exercise reasonable care in detecting any alleged defect.  In fact, Plaintiff has failed to allege a single material fact to establish any of his claims.  Thus, Plaintiff's claim against Defendant fails as a matter of law.  In viewing all evidence in a light most favorable to the Plaintiff, Plaintiff has failed to establish a genuine issue of material fact with regard to his negligence claim, and in turn, his product liability claim.

CONCLUSION

For the reasons set forth above, the Court GRANTS WITH PREJUDICE Defendant's Motion for Summary Judgment.

IT IS SO ORDERED.

S/Sean F. Cox_____
Sean F. Cox
United States District Judge

Dated:  June 21, 2011

I hereby certify that a copy of the foregoing document was served upon counsel of record on

June 21, 2011, by electronic and/or ordinary mail.

S/Jennifer Hernandez
Case Manager